**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR  97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

**Corinna Spencer-Scheurich,** OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR  97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FRANCISCO GUTIERREZ, MOISES GUTIERREZ** and **RAUL GUTIERREZ**, individuals,<br><br>    Plaintiffs,<br><br>       v.<br><br>**VALLEYVIEW BLDG, INC.,** a domestic business corporation, and **FADEY CHERIMNOV**, an individual,<br><br>    Defendants. | Civil No.: 3:18-cv-1701<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.); Oregon Wage and Hour Laws; Trafficking Victims Protection Reauthorization Act of 2003 (18 U.S.C. § 1595); ORS § 30.867<br><br>DEMAND FOR JURY TRIAL |

**I. INTRODUCTION**

1.      Francisco Gutierrez, Moises Gutierrez, and Raul Gutierrez ("Plaintiffs") bring this

action against Valleyview Bldg, Inc., and Fadey Cherimnov (collectively, "Defendants"), under

the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*., "FLSA") to collect unpaid wages. Plaintiffs seek overtime and minimum wages due to them under 29 U.S.C. §§ 206, 207, and 216(b), and liquidated damages for the failure to pay wages under 29 U.S.C. § 216(b).

2.      Plaintiffs allege unlawful deductions, unpaid wages, minimum wage and overtime violations, and penalty damages under Oregon wage and hour laws O.R.S. §§ 652.140, 652.150, 652.200, 652.615, 653.025, 653.261, and 653.055.

3.      Plaintiffs Francisco Gutierrez and Moises Gutierrez further bring claims under the Trafficking Victims Protection Reauthorization Act of 2003, 18 U.S.C. § 1595 ("TVPRA") as the victims of trafficking prohibited by TVPRA, and under Oregon's trafficking statute, ORS § 30.867. These plaintiffs seek general and special damages, including damages for emotional distress and for punitive damages.

## II. JURISDICTION

4.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.; 28 U.S.C. § 1331, as this action arises under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

5.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

6.      Plaintiffs Francisco Gutierrez, Moises Gutierrez, and Raul Gutierrez are natural persons who at all material times lived and worked in Oregon.

7.     At all times relevant to this action, Defendant Valleyview Bldg, Inc., was a domestic business corporation operating a construction and excavation business in Oregon, including in Multnomah, Clackamas, Washington, Marion, and Linn Counties. Its principal place of business is in Clackamas County.

8.     At all times relevant to this action, Defendant Fadey Cherimnov was an individual and resident of Marion County. Defendant Cherimnov owned and operated Defendant Valleyview Bldg, Inc.

### IV. FACTS

9.     Defendants operate a construction and excavation business.

10.     Defendants employed Plaintiffs to provide labor for its business, including construction, excavation, and mechanic services.

11.     During the course of Plaintiffs' employment for Defendants, Defendant Fadey Cherimnov supervised and assigned tasks to Plaintiffs and otherwise exercised control over the Plaintiffs' work.

12.     During the course of Plaintiffs' employment for Defendants, Defendants determined the rate and method of paying Plaintiffs and otherwise controlled Plaintiffs' employment conditions.

13.     During the course of Plaintiff's employment with Defendants, Defendant Fadey Cherimnov acted directly and indirectly in the interest of Defendant Valley Bldg in relation to Plaintiffs, including by assigning and supervising Plaintiffs' work and making decisions regarding Plaintiffs' pay.

14.     Defendants jointly employed Plaintiff for the purpose of wage payment protections under both federal and Oregon state wage and hour laws.

15.    During each workweek during the course of Plaintiffs' employment for Defendants, Plaintiffs were engaged in interstate commerce or in the production of goods for interstate commerce or were employed by an enterprise engaged in interstate commerce.

16.    Defendants employed Plaintiff Francisco Gutierrez from approximately August 2015 until November 2017.

17.    When Plaintiff Francisco Gutierrez was hired in 2015, his hourly wage was $17.00. He received periodic wage increases during his employment. His final hourly wage was $25.00.

18.    Defendants employed Plaintiff Moises Gutierrez from approximately June 2016 until November 2017.

19.    When Plaintiff Moises Gutierrez was hired in 2016, his hourly wage was $17.00. He received periodic wage increases during his employment. His final hourly wage was $23.00.

20.    Defendants employed Plaintiff Raul Gutierrez from approximately August 2015 until September 2016 and again from March 2017 until November 2017.

21.    When Plaintiff Raul Gutierrez was hired in 2015, his hourly wage was $14.50. His final hourly wage was $14.00.

22.    Plaintiffs typically worked five to six days each week for Defendants, though some weeks they would work less.

23.    Plaintiffs' responsibilities included loading equipment, tools, and materials into work vehicles to transport them to job sites, performing construction, excavation, and mechanic-related labor, purchasing materials and equipment, and other tasks as assigned by Defendants.

24.    Plaintiffs typically worked between 45 and 65 hours each week performing construction and excavation-related labor for Defendants.

25.     Plaintiffs typically worked an additional 10 to15 hours each week performing other types of tasks, including loading, transporting, and purchasing tools and materials.

26.     Plaintiffs regularly worked in excess of 40 hours per week for Defendants.

27.     Among other weeks, Plaintiff Francisco Gutierrez worked approximately 67 hours during the week of August 22, 2016, to August 28, 2016, for which he was paid at his regular hourly rate of pay at the time of $17, without any premium pay for hours worked in excess of 40.

28.     Among other weeks, Plaintiff Moises Gutierrez worked approximately 68.5 hours during the week of August 22, 2016, to August 28, 2016, for which he was paid at his regular hourly rate of pay at the time of $17, without any premium pay for hours worked in excess of 40.

29.     Among other weeks, Plaintiff Raul Gutierrez worked approximately 61 hours during the week of August 22, 2016, to August 28, 2016, for which he was paid at his regular hourly rate of pay at the time of $14.50, without any premium pay for hours worked in excess of 40.

30.     Defendants regularly failed to compensate Plaintiffs at a rate of time and one half for every hour worked over 40.

31.     Defendants regularly paid Plaintiffs less than the federal and Oregon minimum wage for hours worked for Defendants.

32.     Defendants knew of or recklessly disregarded their obligation to pay minimum and overtime wages.

33.     Plaintiff Raul Gutierrez's employment with Defendants terminated in or around July 2017.

34.     Plaintiffs Francisco Gutierrez and Moises Gutierrez's employment with Defendants terminated in or around November 2017.

35.    Defendants did not pay Plaintiffs their wages upon termination.

36.    Defendants' nonpayment of wages upon termination was willful.

37.    Defendants made regular deductions from the wages of Plaintiffs Francisco Gutierrez and Moises Gutierrez for the cost of their transportation to Oregon which had been advanced by Defendants. These deductions were not authorized in writing.

38.    Plaintiffs, through their attorney, sent Defendants each a letter on April 30, 2018, complaining of violations of state and federal wage and hour law and requesting payment of the wages Plaintiffs were due.

39.    Defendants received Plaintiffs' letter on or about May 2, 2018.

40.    To date, Defendants have failed to pay Plaintiffs all their wages.

41.    In 2015 Defendant Cherminov threatened Plaintiff Francisco Gutierrez against leaving defendants employ by implying that his family would be harmed if he did so.

42.    In about February of 2017 Plaintiffs Francisco Gutierrez and Moises Gutierrez decided to leave Defendants' employment because of the mistreatment and nonpayment of wages. When they informed Defendant Cherminov they were leaving to find other work, he threatened he would send people to find them and beat them and have them deported.

43.    In fear for their safety, Plaintiffs Francisco Gutierrez and Moises Gutierrez continued working for Defendant Cherminov for nine additional months after this threat.

44.    After Plaintiffs Francisco Gutierrez and Moises Gutierrez eventually were able to stop working for this Defendants, they called Defendant Cherminov a few months later to ask for their W 2s, and to be paid for their unpaid OT hours, Cherminov again said he'd send people to beat them, and cause them to be deported.

45.    Fearful of this threat, Plaintiffs Francisco Gutierrez and Moises Gutierrez moved

to a relative's house so that Defendant Cherminov could not find them. Their families in Mexico felt compelled to move to another village in fear of the threats of Defendants.

46.    Defendants knowingly benefited financially from the procurement of Plaintiffs' continued labor by threats of serious physical harm to them.

47.    Defendants knowingly benefited financially from the procurement of Plaintiffs' continued labor by threats to abuse civil immigration enforcement procedures.

48.    Plaintiffs Francisco Gutierrez and Moises Gutierrez suffered great emotional distress as a result of Defendants' actions.

## V. CLAIMS FOR RELIEF

### (First Claim—Violation of FLSA)

49.    Defendants violated 29 U.S.C. § 206 when they failed to pay Plaintiffs the minimum wage rate for all the hours worked.

50.    Defendants violated 29 U.S.C. § 207 when they failed to pay Plaintiffs overtime wages for work performed for Defendants in excess of forty hours per work week.

51.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorneys' fees and costs.

### (Second Claim – Violation of Oregon Minimum Wage and Overtime Laws)

52.    Defendants failed to pay Plaintiffs at the Oregon minimum hourly rate for all hours worked in violation of O.R.S. § 653.025.

53.    Defendants failed to pay Plaintiffs at a rate of time and one half for overtime hours in violation of O.R.S. § 653.261 and its implementing regulations.

54.    Plaintiffs are entitled, under O.R.S. § 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times their hourly wage rate, and reasonable

attorneys' fees and costs for non-payment of minimum and overtime wages.

**(Third Claim – Violation of Oregon Timely Payment of Wages Law)**

55.    Defendants failed to pay Plaintiffs all of their wages when due upon termination of their employment within the time specified in O.R.S. § 652.140.

56.    Plaintiffs are entitled, under O.R.S. § 652.150, to recover penalty damages in an amount equal to 240 times their hourly wage rate, plus reasonable attorneys' fees and costs, for defendants' failure to pay Plaintiffs' wages upon termination.

**(Fourth Claim – Unlawful Deductions – ORS 652.615)**

57.    Defendants made one or more deductions from the wages of Plaintiffs Francisco Gutierrez and Moises Gutierrez that were unlawful under ORS 652.610.

58.    Plaintiffs Francisco Gutierrez and Moises Gutierrez are each entitled to recover their actual damages or $200.00 in statutory damages for each violation, pursuant to ORS 652.615.

**(Fifth Claim – Federal Trafficking – 18 U.S.C. § 1595)**

59.    With respect to Plaintiffs Francisco Gutierrez and Moises Gutierrez, Defendants violated 18 U.S.C. §§ 1589(a), 1589(b) and 1589(c) by engaging in the foregoing acts.

60.    Plaintiffs Francisco Gutierrez and Moises Gutierrez seek relief pursuant to 18 U.S.C. § 1595.

**(Sixth Claim – Oregon Trafficking – ORS § 30.867)**

61.    With respect to Plaintiffs Francisco Gutierrez and Moises Gutierrez, Defendants violated ORS 163.263, 163.264 and 163.266 by engaging in the foregoing acts.

62.    Plaintiffs Francisco Gutierrez and Moises Gutierrez seek relief pursuant to ORS. § 30.867.

*///*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1.      Award Plaintiffs their unpaid minimum and overtime wages pursuant to 29 U.S.C. § 206 and § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2.      Award Plaintiffs their unpaid minimum wages pursuant to Oregon minimum wage laws, O.R.S. § 653.025;

3.      Award Plaintiffs their unpaid overtime wages pursuant to Oregon overtime law, O.R.S. § 653.261;

4.      Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' average hourly wage pursuant to O.R.S. § 653.055, for unpaid minimum and overtime wages;

5.      Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' average hourly wage pursuant to O.R.S. § 652.150, for failure to pay wages timely;

6.      Award Plaintiffs Francisco Gutierrez and Moises Gutierrez actual damages or $200 statutory damages for each violation of ORS 652.610 for unlawful deduction from wages;

7.      Award Plaintiffs Francisco Gutierrez and Moises Gutierrez actual damages, including emotional distress damages, and penalty damages for violations of 18 U.S.C. §§ 1589(a), 1589(b) and 1589(c);

8.      Award Plaintiffs Francisco Gutierrez and Moises Gutierrez actual damages, including damages for emotional distress, and penalty damages for violations of ORS 163.263, 163.264 and 163.266;

9.      Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), 18 U.S.C. § 1595, and ORS §§ 30.867,

652.200, 652.615, and 653.055;

       7.     Award Plaintiff pre-judgment interest on sums due under state law claims and

post-judgment interest; and

       8.     Award Plaintiff such other relief as this Court deems just and proper.


Respectfully submitted this 24th day of September, 2018.


/s/ *Corinna Spencer-Scheurich*
**Corinna Spencer-Scheurich**
OSB 130147
corinna@nwjp.org
(503) 730-1706

Of Attorneys for Plaintiffs

PAGE 10 - COMPLAINT